UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
LEXINGTON

Eastern District of Kentucky
**FILED**
JUL 3 1 2006
AT LEXINGTON
LESLIE G WHITMER
CLERK U S DISTRICT COURT

CIVIL ACTION NO. 05-471-KSF

CLEVELAND CONSTRUCTION, INC.,                                                           PLAINTIFF

V.               **MEMORANDUM OPINION AND ORDER**

GILBANE BUILDING CO.,                                                                   DEFENDANT

\* \* \* \* \* \* \* \* \*

## I. INTRODUCTION

On October 14, 2005, plaintiff Cleveland Construction, Inc. ("CCI"), a subcontractor to Gilbane Construction Company ("Gilbane"), the construction manager on a construction project known as the University of Kentucky Biological/Biomedical Sciences Research Building Project ("the Project") on the campus of the University of Kentucky in Lexington, Kentucky, filed a complaint in Fayette Circuit Court against defendant Gilbane, alleging that Gilbane had breached the terms of a contract between these two parties, resulting in increased costs to CCI in doing the work required of it under the contract. In addition to its breach of contract claim, plaintiff also asserts a claim for equitable adjustment and seeks compensatory damages against Gilbane resulting from Gilbane's alleged breach of contract.

On November 7, 2005 Gilbane removed this action from Fayette Circuit Court. On November 11, 2005, Gilbane filed its answer to the complaint and asserted a counterclaim against CCI, alleging that (1) CCI failed to utilize a sufficient number of laborers during the Project to meet the Project schedule, (2) CCI failed to properly manage, supervise, and coordinate its work during the Project, and (3) CCI provided work that was substandard, unworkmanlike, and was otherwise

not in conformance with the contract. Gilbane seeks dismissal of CCI's complaint and requests recovery of its attorney's fees incurred in defending this action.

## II. THE DISCOVERY DISPUTE

This matter is before the court on Gilbane's motion to compel discovery from CCI concerning certain discovery requests that Gilbane served to CCI on February 16, 2006, which Gilbane asserts are inadequate.[1] More particularly, Gilbane requests that CCI be compelled to provide full and complete written answers to Interrogatory Nos. 2, 4, 5, 6, 7, 8, and 9. Gilbane also requests that it be awarded its attorney's fees incurred relative to the subject motion to compel discovery.

In response, CCI argues that Gilbane's motion to compel should be denied because (1) Gilbane has prematurely served contention interrogatories, and (2) it properly produced its business records, pursuant to Fed.R.Civ.P. 33(d), in answering these interrogatories. Therefore, for all of these reasons, CCI contends that Gilbane's motion to compel discovery from it should be denied and that it should be awarded its attorney's fees incurred in having to respond to Gilbane's motion to compel.

### Discussion

In considering this matter, the Magistrate Judge is mindful of the scope of discovery permitted by Fed.R.Civ.P. 26, subsequent to the 2000 amendment thereto, which permits "discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party, . . ." Thus, to resolve this discovery dispute, it is necessary to review the discovery requests at issue, CCI's

---

[1] Pursuant to numerical ¶ 13 of the district court's Scheduling Order entered herein on February 3, 2006, all discovery disputes were referred to the Magistrate Judge for resolution. [DE #14].

2

responses thereto, and any subsequent supplementation of CCI's discovery responses. At the outset, the Magistrate Judge notes that in CCI's answers to each of the Interrogatory answers in dispute, instead of directly answering the interrogatory, CCI has responded to the interrogatory by electing to produce its business records, pursuant to Fed.R.Civ.P. 33(d), and referring Gilbane to those business records to discern the answer that particular interrogatory.

Fed.R.Civ.P. 33(d) provides:

> **(d) Option to Produce Business Records.**
> Where the answer to an interrogatory may be derived or ascertained from the business records of the party upon whom the interrogatory has been served or from an examination, audit or inspection of such business records, including a compilation, abstract or summary thereof, and the burden of deriving or ascertaining the answer is substantially the same for party serving the interrogatory as for the party served, it is a sufficient answer to such interrogatory to specify the records from which the answer may be derived or ascertained and to afford to the party serving the interrogatory reasonable opportunity to examine, audit or inspect such records and to make copies, compilations, abstracts or summaries. A specification shall be in sufficient detail to permit the interrogating party to locate and to identify, as readily as can the party served, the records from which the answer may be ascertained.

Fed.R.Civ.P. 33(d).

Summarizing Gilbane's argument, Gilbane asserts that CCI's answers to the Interrogatories in dispute are incomplete and evasive and that CCI has improperly relied on Fed.R.Civ.P. 33(d) by referring Gilbane to CCI's business records, which consist of more than 11,400 pages of documents, instead of providing Gilbane complete written answers to these Interrogatories. Gilbane submits that CCI's incomplete and evasive answers should be treated as a failure to answer, pursuant to Fed.R.Civ.P. 37(a)(3). In further support of its motion to compel, Gilbane asserts that (1) the answers to the Interrogatories in dispute cannot be discerned from CCI's Project files, (2) that even if Gilbane could discern the answers to these Interrogatories from CCI's Project files, the burden

3

upon Gilbane to derive CCI's answers thereto from CCI's Project files is substantially greater than it is for CCI, and (3) CCI's specification of documents is not sufficiently detailed as required by Fed.R.Civ.P. 33(d). In a nutshell, Gilbane argues that CCI should not be permitted to execute a "document dump" in response to these Interrogatories.

Summarizing CCI's argument in response to Gilbane's motion to compel, CCI argues that assuming *arguendo* that the interrogatories in dispute are contention interrogatories, they are premature and should have been served toward the end of discovery rather than at the beginning of discovery. CCI also counters that it properly utilized Fed.R.Civ.P. 33(d) in responding to these Interrogatories because (1) the interrogatory responses may be derived from CCI's business records, (2) the burden of deriving the responses is substantially the same for Gilbane as it is for CCI, and (3) its responses and additional supplementation are sufficiently detailed at this stage of the litigation. For these reasons, CCI submits that Gilbane's motion to compel should be denied and that since this discovery dispute is genuine, an award of attorney's fees to Gilbane would be inappropriate.

## Analysis

As seen from the language of Fed.R.Civ.P. 33(d), a party may use that rule to answer interrogatories only when the following three requirements have been met: (a) "the answer to an interrogatory may be derived or ascertained from the business records;" (b) "the burden of deriving or ascertaining the answer is substantially the same for the party serving the interrogatory as for the party served;" and (c) the specification is "in sufficient detail to permit the interrogating party to locate and to identify, as readily as can the party served, the records from which the answer may be ascertained." Fed.R.Civ.P. 33(d).

4

Before determining whether the foregoing qualifications have been met, it is necessary to review the information requested by the interrogatories in dispute and CCI's responses thereto, both of which are set out below:

> **INTERROGATORY NO. 2**: Identify all of your employees, agents, contractors, vendors, or consultants with knowledge of the facts on which you rely for the claims you are asserting in this case.
>
> **ANSWER:**
> To the extent that Gilbane is asking CCI to identify documents and facts upon which it will rely in this litigation, CCI objects pursuant to Fed.R.Civ.P. 26(b)(3) to providing such information because Gilbane is seeking disclosure of mental impressions, opinions, conclusions, or legal theories of CCI's counsel.
> Without waiving the objection, CCI elects to produce its business records pursuant to Rule 33(d) of the Federal Rules of Civil Procedure. Specifically, Gilbane is directed to the project file, including but not limited to, the correspondence files, certified payroll reports, daily reports, and meeting minutes.
> See also CCI's Pending Issue file previously submitted on 4/22/05.
>
> **INTERROGATORY NO. 4**: With respect to the allegations in paragraphs 10 and 14 of the Complaint, identify each and every instance in which Gilbane: 1) delayed, disrupted, or hindered CCI's work; 2) caused CCI's work to be performed out of sequence; 3) failed to respond to CCI's claims; 4) failed to pay CCI in accordance with the Contract Documents; 5) failed to coordinate with all of the subcontractors; and 6) failed to properly administer the Project.
>
> **ANSWER:** CCI elects to produce its business records pursuant to Rule 33(d) of the Federal Rules of Civil Procedure. Specifically, Gilbane is directed to the project file, including but not limited to, the correspondence files, change order requests, RFIs, ASIs, schedules, daily reports, and meeting minutes.
> See also CCI's Pending Issue file previously submitted on 4/22/05.
>
> **INTERROGATORY NO. 5**: With respect to the allegations in paragraphs 11 and 14 of the Complaint, identify each and every instance identified by you in your answer to Interrogatory No. 4 above, state the extent to which each instance reduced CCI's productivity, increased CCI's costs, and delayed and disrupted CCI's work.
>
> **ANSWER:** CCI elects to produce its business records pursuant to Rule 33(d) of the Federal Rules of Civil Procedure. Specifically, Gilbane is directed to the project file, including but not limited to, the correspondence files, change order requests, RFIs, ASIs, schedules, daily reports, and meeting minutes.

See also CCI's Pending Issue file previously submitted on 4/22/05.

**INTERROGATORY NO. 6**: With respect to the allegations in paragraph 12 of the Complaint, identify: 1) all instances in which CCI advised or notified Gilbane that CCI's work was being delayed; and 2) all change order requests or claims from CCI to Gilbane concerning the alleged delays.

**ANSWER:** CCI elects to produce its business records pursuant to Rule 33(d) of the Federal Rules of Civil Procedure. Specifically, Gilbane is directed to the project file, including but not limited to, the correspondence files, change order requests, RFIs, ASIs, schedules, daily reports, and meeting minutes.
See also CCI's Pending Issue file previously submitted on 4/22/05.

**INTERROGATORY NO. 7**: With respect to the allegations in paragraph 18 of the Complaint, describe in detail each and every fact and instance that Gilbane: 1) failed to properly supervise and manage the construction of the Project; 2) actively interfered with CCI's performance; 3) failed to coordinate and supervise other contractors; 4) failed to pay CCI for all of the work it performed on the Project; and 5) otherwise breached the Contract.

**ANSWER:** CCI elects to produce its business records pursuant to Rule 33(d) of the Federal Rules of Civil Procedure. Specifically, Gilbane is directed to the project file, including but not limited to, the correspondence files, change order requests, RFIs, ASIs, schedules, daily reports, and meeting minutes.
See also CCI's Pending Issue file previously submitted on 4/22/05.

**INTERROGATORY NO. 8**: With respect to the damages that you are claiming in this lawsuit, identify: 1) the total amount of damages you are claiming; 2) each individual component and category of damages, including dollar amount, that together comprise your total damages; 3) persons having knowledge of your damages, and 4) all documents evidencing, supporting, or concerning each component of damages identified in your answer to this Interrogatory.

**ANSWER:** CCI elects to produce its business records pursuant to Rule 33(d) of the Federal Rules of Civil Procedure. Specifically, Gilbane is directed to the project file, including but not limited to, the claim previously submitted to Gilbane, the correspondence files, change order requests, RFIs, ASIs, schedules, daily reports, certified payroll reports, and meeting minutes.
See also CCI's Pending Issue file previously submitted on 4/22/05. In addition, CCI is owed a contract balance of $209,731.69.

**INTERROGATORY NO. 9**: With respect to the allegations in paragraph 22 of the Complaint, identify each and every item of labor, material, or other work that you

6

contend was "over and above the requirements of the Contract," and for each item identified, state the cost incurred by CCI for such labor, material, or other work.

**ANSWER:** CCI elects to produce its business records pursuant to Rule 33(d) of the Federal Rules of Civil Procedure. Specifically, Gilbane is directed to the project file, including but not limited to, the claim previously submitted to Gilbane, the correspondence files, change order requests, RFIs, ASIs, schedules, daily reports, and meeting minutes.
See also CCI's Pending Issue file previously submitted on 4/22/05.

In general, CCI answered each of the foregoing Interrogatories by simply producing its business records pursuant to Fed.R.Civ.P. 33(d). With the exception of its answers to Interrogatory Nos. 2, 8, and 9, CCI's interrogatory responses are identical.[2]

### A.  Answer may be derived or ascertained from the business records

As previously stated above, the business records that CCI has produced to Gilbane in response to the Interrogatories in dispute consist of more than 11,400 pages of various categories of documents, such as "the Project file, the correspondence files, change order requests, RFIs, ASIs, schedules, daily reports, and meeting minutes," among others.

The Magistrate Judge is unpersuaded by CCI's argument that Gilbane can derive the answers to the disputed Interrogatories from CCI's business records. The Magistrate Judge is unpersuaded because only CCI knows what facts and information it has relied upon to support the allegations made in its complaint against Gilbane. Thus, it would be necessary for Gilbane to be able to read CCI's mind before Gilbane would be able to derive the answers to the disputed Interrogatories from

---

[2] The differences among its answers to these interrogatories are miniscule. In answering Interrogatory No. 2, CCI first objects to that interrogatory, then answers by producing various business records. In answering Interrogatory Nos. 8 and 9, CCI also refers Gilbane to "the claim previously submitted to Gilbane, and in the answer to Interrogatory No. 8, CCI states that it is owed a contract balance of $209,731.69. Otherwise, CCI's answers to all of the interrogatories in dispute are identical.

7

CCI's business records. Additionally, even if Gilbane could read CCI's mind, that alone is no guarantee that it could discern the answers to its Interrogatories since it is highly unlikely that Gilbane would view certain facts and occurrences the same way that CCI does, as evidenced by the present discovery dispute. *See United States Securities and Exchange Commission v. Elfindepan, S.A.*, 206 F.R.D. 574, 576 (M.D. NC 2002) ("documents themselves rarely, if ever, reveal contentions of fact or law. A party reveals its contentions."); *The United Oil Co., Inc. v. Parts Associates, Inc.*, 227 F.R.D. 404 (D. Md. 2005) (court granted motion to compel based on improper use of FRCP 33(d) when answers to interrogatories involved exercise of particular knowledge and judgment). Thus, this factor weighs in favor of Gilbane.

**B.     Burden of deriving the answer is substantially the same for both parties**

Assuming *arguendo* that Gilbane could derive the answers to the Interrogatories in dispute from CCI's business records, CCI contends that the burden of deriving or ascertaining the answers thereto is substantially the same for Gilbane, the party serving the interrogatory, as it is for CCI, the party served; therefore, Fed.R.Civ.P. 33(d) specifies that when the burden is substantially the same for both parties, it is not unduly burdensome to require Gilbane to derive these answers.

In Pascale v. G.D. Searle & Co., 90 F.R.D. 55 (D.R.I. 1981), the court considered a similar argument made in a similar discovery dispute. The Pascale court concluded that the responding party's reference to Fed.R.Civ.P. 33(c)[3] was insufficient and ordered the responding party to supplement its interrogatory answers. The rationale underlying this decision is set out below:

> . . . Answering interrogatories often requires the interrogated party to refer to written documents, particularly where the party is a corporate entity. If a party could

---

[3] At that time, Rule 33(d) was identified as Rule 33(c); in 1993, it was changed from subsection (c) to subsection (d).

8

invoke Rule 33(c) in every such case, by claiming that the "burden" of "deriving" the information from the records is substantially the same for both parties, discovery would be thwarted at every turn. Referring to a document in order to answer an interrogatory is not the kind of burden contemplated by the rule.

Pascale, 90 F.R.D. at 60.

More recently, an argument similar to CCI's was also rejected in In re Savitt/Adler Litigation, 176 F.R.D. 44, 50 (N.D.N.Y. 1997), under the following succinct rationale:

> ... even if a substantial burden is imposed on plaintiffs by these interrogatories, that burden is neither unreasonable nor unfair. The interrogatories are completely focused on the allegations of plaintiffs' complaints, information to which defendants are entitled to prepare their defenses. The extent of the burden thus bears a direct relationship to the extent of the allegations made by the plaintiffs in their complaints and to the facts in possession of plaintiffs which support the allegations.

The Magistrate Judge concludes that CCI's answers to Gilbane's Interrogatories are within CCI's own knowledge rather than Gilbane's knowledge. Therefore, the burden for CCI to derive the answers to Gilbane's Interrogatories in dispute from its business records is less than it would be for Gilbane to do so. Thus, this factor weighs in favor of Gilbane.

**C.    Specificity of CCI's answers**

CCI asserts that its responses and additional supplementation at this stage of the litigation are sufficiently detailed to permit Gilbane, the interrogating party, to locate and to identify, as readily as CCI, the party served, the records from which the answer may be ascertained.

In answering the disputed interrogatories, CCI has directed Gilbane to the following business records: its Project file, *including but not limited to*, the claim previously submitted to Gilbane, the correspondence files, change order requests, RFIs, ASIs, schedules, daily reports, certified payroll reports, and meeting minutes. Additionally, CCI also referred Gilbane to CCI's Pending Issue file previously submitted on 4/22/05.

9

The Magistrate Judge notes that CCI has not identified one single document that is responsive to any specific interrogatory. The Magistrate Judge concludes that CCI's response by producing its business various records under Fed.R.Civ.P. 33(d) fails to meet the specificity required by Fed.R.Civ.P. 33(d). As the court in *Elfindepan, supra,* observed, "[t]his attempted use of Rule 33(d) is more in the nature of a document dump than a specification of documents. The action does not comply with the final sentence in Rule 33(d) which requires specificity." In *Johnson v. Kraft Foods North America, Inc.*, 2006 WL 1675942 (D. Kan. 2006), and in *DIRECTV, Inc. v. Puccinelli*, 224 F.R.D. 677 (D. Kan. 2004), the court in each of those cases disapproved of the responding party's "document dump." The court in *Johnson* explained that "a party 'may not merely refer' another party to the documents 'hoping [the other party] will be able to glean the requested information from them.' Indeed, '[t]he court generally finds such practice unacceptable.'" (quoting *DIRECTV, Inc. Puccinelli, supra,* 224 F.R.D. at 680-81. Thus, this factor also weighs in favor of Gilbane.

**D.      Contention interrogatories**

In responding to Gilbane's motion to compel, CCI also asserts a curious argument concerning contention interrogatories. CCI first states: "Defendant, Gilbane, has attempted to put the cart before the horse. It filed what it alleges are contention interrogatories before document review by either side had occurred, before expert reports were filed, and well before either party even contemplated requesting a deposition." Plaintiff's Memorandum in Opposition to Defendant's Motion to Compel, p. 1 [DE #21]. CCI then proceeds to argue that Gilbane's interrogatories are not contention interrogatories. Based on its argument that these interrogatories are not contention interrogatories, CCI notes that responses to non-contention interrogatories "do not require as much detail or

specificity." Id. at unnumbered page 4. With this statement, CCI impliedly argues that its responses are adequate because they do not need to be as detailed or as specific, since the interrogatories are not contention interrogatories. CCI next argues that assuming *arguendo* that Gilbane's interrogatories are contention interrogatories, they are premature and "are more properly served and answered late in the discovery process." Id. at unnumbered page 5.

Additionally, relying on *Johnson v. Kraft Foods North America, Inc.*, *supra*, CCI suggests that Gilbane's interrogatories at this stage of the litigation are unduly burdensome on their face. CCI's reliance on *Johnson* is misplaced. The court in *Johnson* was faced with contention interrogatories that sought "all facts" supporting the allegations contained within a paragraph of the complaint. *Johnson*, 2006 WL 1675942 at *7. By contrast, Gilbane's interrogatories in dispute are very narrowly tailored and ask for details relating only to specific allegations made by CCI in certain paragraphs of its Complaint.

CCI also relies on *In re Convergent Technologies Securities Litigation*, 108 F.R.D. 328 (N.D. Cal. 1985), and *Dot Com Entertainment Group, Inc. v. The Cyberbingo Corporation*, 2006 WL 917693 (W.D. N.Y. 2006) to support its claim that Gilbane's interrogatories are contention interrogatories that are premature. The court in *Dot Com Entertainment* rejected a similar argument for the following reasons:

> . . . Defendants are expected to have, even at an early stage, some good faith basis in fact and law for such claim and defense. *See* Fed.R.Civ.P. 11(b)(2),(3). Accordingly, Plaintiff's Interrogatories which primarily seek the basis for the defense and related counterclaim, even if they are assumed to be contention interrogatories, should be answered at this time.

Id. at *3.

11

Additionally, the court in *Convergent Technologies* also recognized that contention interrogatories served early in the litigation may serve very legitimate and useful purposes, such as ferreting out frivolous or unsupportable claims. 108 F.R.D. at 336. They might also serve as predicates for motions for summary judgment, which would not only help reduce the scope of the dispute but also help narrow the focus and the extent of discovery that needs to be taken. *Id.* at 337. Other legitimate purposes noted by the court in *Convergent Technologies* include clarifying the issues in the case and setting up early settlement discussions. *Id.* at 338.

Thus, Magistrate Judge is unpersuaded by CCI's argument that the interrogatories in dispute are contention interrogatories that were prematurely served which do not need to answered in detail at this juncture.

### III. CONCLUSION

In summary, for all of the foregoing reasons, the Magistrate Judge concludes that CCI's answers to Gilbane's Interrogatory Nos. 2, 4, 5, 6, 7, 8, and 9 are woefully inadequate and should be more specific.

Accordingly, **IT IS HEREBY ORDERED** that:

1. Defendant Gilbane's motion to compel discovery from plaintiff CCI [DE #20 is **GRANTED**.

2. CCI's objection to Interrogatory No. 2 is **OVERRULED**.

3. CCI is given twenty (20) days from the date of this Order in which to supplement its answers to Gilbane's Interrogatory Nos. 2, 4, 5, 6, 7, 8, and 9 with detailed and specific answers.

This 31st day of July, 2006.

JAMES B. TODD,
UNITED STATES MAGISTRATE JUDGE